UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-399-JMH

CARLOS RAMIREZ                                                               PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

DEBORAH A. HICKEY, *Warden*                                         RESPONDENT

The Court considers the "Motion for Order to Transfer," R. 13, filed by *pro se* Petitioner-Appellant Carlos Ramirez.[1]  For the reasons set forth below, the motion will be denied.

BACKGROUND

On December 11, 2009, Ramirez initiated this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  R. 2.  Ramirez challenged the Bureau of Prisons's ("BOP") decision to afford him only a six-month placement in a Residential Re-entry Center facility ("RRC").  The Court screened the § 2241 petition as required by 28 U.S.C. § 2243; entered a Memorandum Opinion and Order ("Opinion and Order") on February 12, 2010, denying Ramirez's § 2241 petition, R. 9; and entered a Judgment on the same date, dismissing this proceeding with prejudice, R. 10.

In the Opinion and Order, the Court specifically informed Ramirez than to the extent he had attempted to assert additional habeas claims under § 2241, such as his eligibility to

---

[1] Ramirez is confined in the Federal Medical Center which is located in Lexington, Kentucky ("FMC-Lexington").

1

participate in the prison's drug rehabilitation program, he would be required to file a new § 2241 petition after properly exhausting his claims through the BOP's three-step administrative remedy procedure. R. 9, p. 10. On February 23, 2010, Ramirez filed a Notice of Appeal. R. 11.

In his current motion, Ramirez now asks the Court to order FMC-Lexington staff to transfer him to a lower security prison camp located within his region, in accordance with BOP Program Statement 5100.08.

## DISCUSSION

As explained in the Opinion and Order, Ramirez must administratively exhaust his newly asserted classification issues through the BOP's administrative remedy process, and upon completion of that process, he must then file a new habeas petition and pay the $5.00 filing fee, unless he qualifies for pauper status. Ramirez's § 2241 petition, concerning his demand for RRC placement, has been denied; this proceeding has been dismissed with prejudice, and the appeal is now pending in the Sixth Circuit Court of Appeals as Case No. 10-5175. Ramirez is not permitted to "piggy-back" new habeas claims onto a dismissed § 2241 petition.

Furthermore, even if the current motion had some relevance to the original § 2241 petition, the Court would lack jurisdiction to entertain it. A timely notice of appeal normally will divest the district court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). For these reasons, Ramirez's motion will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The "Motion for Order to Transfer," R. 13, filed by Ramirez is **DENIED**.

(2)     The Clerk of the Court is directed to transmit a copy of this Order to the Clerk of the Sixth Circuit Court of Appeals, referencing Appellate Case No. 10-5175.

This the 11th day of March, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge